Shaunak Sayta (SBN: 291129)
Attorney for the Plaintiff
3634 16th Streer #4
San Francisco, CA, 94114
Tel: (415) 905-0887
Fax : (516) 340-2195
Email: shaunak@sayta.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELKAY INTERNATIONAL LIMITED, a company incorporated by and under the laws of the Republic of India, and DOES 1 through 10 inclusive. <br><br> Plaintiffs, <br><br> vs. <br><br> COLOR IMAGE APPAREL, INC, a corporation incorporated by and under the laws of the State of California, and MARCO DEGEORGE, an individual, and DOES 1 through 10 inclusive. <br><br> Defendants. | Case No.: 3:14-cv-3956 <br><br> **COMPLAINT FOR:** <br><br> 1) **BREACH OF CONTRACT** <br> 2) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br> 3) **PROMISSORY ESTOPPEL** <br> 4) **UNJUST ENRICHMENT** <br> 5) **INTERFERENCE WITH CONTRACTUAL OBLIGATIONS** <br> 6) **INTERFERENCE WITH PROSPECTIVE ADVANTAGE** <br> 7) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ADVANTAGE** <br> 8) **UNFAIR COMPETITION §17200 OF THE BUSINESS AND PROFESSIONS CODE** <br><br> **DEMAND FOR A JURY TRIAL** |

COMPLAINT FOR MONEY DAMAGES

## **INTRODUCTION**

Color Image Apparel Inc. (hereinafter "Color Image") is a corporation that is engaged in the manufacture and sale of clothing under the brand name of "Bella", "Canvas", and "Alo". Elkay International Limited (hereinafter "Elkay") is a company located in India, and is engaged in the manufacture and sale of clothing. Sometime in June 2013, Color Image approached the Elkay to enter into a long term requirements contract whereby the Elkay would be required to manufacture and supply t-shirts to the Color Image. The t-shirts would be made under the design specifications and technical specifications as prescribed by Color Image and would carry the brand name of Color Image. To this end, Color Image sent its executives to inspect the manufacturing unit of Elkay, and being impressed with the manufacturing facilities committed to certain quantities of t-shirts to be manufactured by Elkay, and committed to certain quantities of t-shirts they would purchase.

Elkay placed reliance on these representations. Elkay took a loan to expand its working capital, purchased new machinery, hired laborers and expanded manufacturing capacity to meet the requirements of Color Image.

Sometime in July, 2014 Color Image terminated this contract in bad faith. Elkay herein sues Color Image for money damages, and the unpaid price of goods supplied, and sues Marco Degeorge for the torts committed by him.

## **PERSONAL JURISDICTION**

1.   This court has personal jurisdiction over the defendants.

    a.   Color Image is a corporation registered with the Secretary of State of California.

      Color Image has accordingly purposefully availed of the laws and protections of the

State of California, and accordingly the exercise of jurisdiction over the defendants would not be contrary to the traditional notions of fair play and substantial justice.

b. Marco Degeorge (hereinafter "Marco") is an individual and an owner of Color Image and is a resident of California. Marco is domiciled in Commerce, California. Accordingly, the court has personal jurisdiction over Marco.

## SUBJECT MATTER JURISDICTION

2. In addition to personal jurisdiction, this court also has subject matter jurisdiction over this case and controversy. 28 USC §1332 bestows upon the district courts of the United States original jurisdiction in all civil actions where the amount in controversy exceeds the sum or value of $75,000 and where the parties are citizens of different states. *Id.* Further, the U.S. Supreme Court has held that complete diversity is required. That is, each Plaintiff must be a citizen of a different state than each Defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Here, the Plaintiff is a citizen of India, given that the Plaintiff has it's principal place of business in India, and is incorporated in India. All the Defendants are domiciled in California and are citizens of California, and accordingly, complete diversity is present. Each Defendant is of a citizenship that is different than the Plaintiff. The amount in controversy exceeds $75,000. Accordingly, given that both the citizenship and amount in controversy requirement have been satisfied, this court has subject matter jurisdiction over this case and controversy.

## VENUE

3. In accordance with 28 U.S.C. §1391(b)(1), venue is appropriate in any judicial district in which a defendant resides if all the defendants reside in the same State. *(emphasis added)*

COMPLAINT FOR MONEY DAMAGES

Color Image, a defendant, resides in the northern district, and venue is accordingly appropriate in the northern district. An entity with the capacity to sue and be sued in its common name is deemed to reside, if a defendant, in any judicial district in which it is subject to the court's personal jurisdiction. 28 U.S.C. §1391(c)(2). Here, Color Image is incorporated in California and is accordingly subject to personal jurisdiction throughout the State of California and is therefore deemed to reside in all the judicial districts in California. Accordingly, venue is appropriate in the Northern District of California because Color Image, resides in the northern district of California.

## PARTIES

4.  Plaintiff, Elkay is a company incorporated by and under the laws of the Republic of India, having its registered address at 5/66k C House 3rd Floor Padam Singh Road, New Delhi - 110005, Delhi, India, and it has its principal place of business opposite Plot 84, Sector 25, Faridabad, Haryana, India, 121005.

5.  Defendant, Color Image is a corporation incorporated in California having its principal place of business at 6670 Flotilla St, Commerce CA 90040.

6.  Defendant Marco Degeorge, is the owner and agent for accepting service for Color Image and has his principal place of business at 6670 Flotilla St, Commerce CA 90040.

## GENERAL ALLEGATIONS

7.  Sometime in June, 2013 Mr. Gopal Raheja a representative of Color Image contacted Elkay for prospective business.

8. After an initial consultation it was agreed that employees of Color Image would visit Elkay and inspect the manufacturing facilities of Elkay, to ensure that Elkay had adequate facilities to supply the quantity and quality of goods that Color Image required.

9. To this end, Gopal raheja, Lorie Mcroberts, Victoria Law and Miriam Shinning employees/agents of Color Image visited the manufacturing facilities of Elkay on June 25, 2013.

10. On inspecting the manufacturing facilities of Elkay, the employees of Color Image entered into a requirements contract with Elkay. By virtue of this contract, Elkay agreed to manufacture t-shirts bearing the brand names and other design specifications as specified by Color Image.

11. It was agreed that Color Image would have the ability to set the price that Elkay would receive for the t-shirts.

12. The payment terms were agreed.

13. It was also agreed that an employee of Color Image would permanently be stationed at the factory of Elkay to observe that the production met the quality standards required by Color Image, and that the raw materials used in the manufacturing process were in accordance with the quality standards of Color Image. To this end, the following employees were deputed by Color Image

   a. Mr. Dinakaran; who was responsible for fabrics and would give approval on the fabric process, and color and quality. Mr. Dinakaran would then send the approvals to John at the Los Angeles office for further reference and approval.

   b. Mr. David and Lakshman were stationed and responsible for Quality Assurance, they did quality audits of the fabric, the cutting packing of the garments. At all times of the production cycle, either David or Lakshman was stationed at the premises of Elkay to Miriam (the garment quality head in the United States) and to Mr. Raja (the senior officer in Tiripur, India). Mr. Raja also monitored and visited the factory as required.

COMPLAINT FOR MONEY DAMAGES

14.   Subsequently Color Image started placing orders for t-shirts with Elkay. In August, 2013 Color Image ordered 395,687 t-shirts at an average price of $1.8.

15.   Before commencing production, for each batch of fabric a sample fabric would be sent to the head office in Los Angeles for approval.

16.   After the goods were packed, a loading plan would be prepared and each loading plan was approved by the Los Angeles office.

17.   In September 2013, Color Image placed an order of 137,022 t-shirts with Elkay. These t-shirts were shipped by Elkay.

18.   In January, 2014 Color Image ordered 529,694 t-shirts from Elkay.

19.   Around April, 2014 Elkay shipped 304,199 t-shirts as against the orders placed by Color Image. The t-shirts were quality checked and approved by a representative of Color Image at the time of shipment. Thereafter, out of the said 304,199 t-shirts Color Image wrongly returned 97,677 t-shirts to Elkay without any justification whatsoever.

20.   Further, Color Image refused to pay for 304,199 t-shirts in an amount of $ 469,194.01, as agreed by Color Image.

21.   Additionally Color Image has stopped placing orders and not met the monthly order targets as agreed. (See Para 25 infra).

22.   Elkay seeks the benefit of the bargain measure of damages for the contract, contract price for the t-shirts, consequential and incidental damages and lost profits for the idle capacity it created for Color Image.

**First Cause of Action**

**(Breach of Contract)**

23.   The Plaintiff herein alleges by reference the allegations as set out from paragraph 1 to 22.

24.    Here, a formal written contract was not entered into. The Plaintiff will show that Color Image sent out purchase orders each time, and a contractual relationship existed through the conduct of the parties. In the alternative, the Plaintiff will show that a contract existed that satisfied the writing requirement under Cal. U. Com. Code, § 2201. Further in the alternative, the Plaintiff will show that a contract existed that satisfied the writing requirement in accordance with the common law promissory estoppel exception to the UCC statute of frauds as enunciated by the court in *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal.App.3d 432, 444 (1988).

25.    The contract provided that Color Image would place orders with Elkay for the following quantities;

| From November 2013 to March 2014 | 200,000 t-shirts each month |
| From March 2014 onward | 350,000 t-shirts each month |
| From June 2014 onward | 500,000 t-shirts each month |
| From August 2014 onward | 750,000 t-shirts each month |

26.    The contract provided that Elkay would set aside manufacturing facilities for Color Image, and in exchange of that Color Image would set the price of the t-shirts in good faith and in accordance with industry standards. Elkay agreed to match the pricing available to Color Image from its other suppliers, provide Color Image a promise of quantity and quality at those prices going forward.

27.    In August 2013 Color Image placed orders of 395,687 t-shirts, and in January 2014 Color Image placed orders of 529,694 t-shirts. Elkay substantially performed these orders, and was ready, willing and able to perform its obligation to supply 750,000 t-shirts going forward, when the contract was unilaterally terminated by Color Image.

***A contract existed that was in writing and satisfied the statute of frauds, through the email communications that existed between the parties.***

28. An exchange of emails is sufficient to satisfy the requirements of the statute of frauds. *Fortinet, Inc. v. OFC Capital,* (N.D. Cal., Nov. 5, 2004, 504CV3270RS) 2004 WL 2496184.

29. Email communications exist between the parties that evidence the promise that Color Image would place orders of t-shirts each month and Elkay would manufacture and ship goods to Color Image in accordance with design specifications specified by Color Image. In particular Mr. Gopal Raheja, a representative of Color Image recorded the promise by Andrew Akiyoshi another employee of Color Image to Elkay, to place orders of t-shirts each month for quantities specified supra at para 25.

30. Color Image then ordered 888,533 t-shirts over a period of 7 months, from which Elkay shipped 732,792 t-shirts over time.

31. Each shipment of t-shirts was supported by a purchase order issued by Color Image, and a quality check certificate signed by a representative of Color Image, who would issue the certificate after inspecting the goods, in India.

32. Subsequently, Color Image breached this contract by not paying for the goods, and not placing orders of the agreed quantity of t-shirts each month.

***In the alternative, a contract existed within the meaning of Cal. U. Com. Code, § 2201(2)***

33. §2201(2) of the California Uniform Commercial Code provides;

> "*Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know*

*its contents, it satisfies the requirements* [of the statute of frauds] *against the party unless written notice of objection to its contents is given within 10 days after it is received.*"

Cal. U. Com. Code, § 2201

34.  Here, the both Elkay and Color Image are merchants. Both Color Image and Elkay regularly deal in clothing goods, Color Image holds itself out as a retailer in clothing goods, and Elkay holds itself out as a manufacturer in clothing goods.

35.  On placing each order Color Image would send a 'Purchase Order' in a pdf file to Elkay via email to evidence the order. It is submitted that no objection to these orders was sent by Elkay or Color Image.

36.  The Plaintiff submits that it had reason to know of the contents of the 'Purchase Order' by virtue of the oral and email exchanges between Elkay and Color Image.

37.  Accordingly, The Plaintiff submits that the Purchase Orders read together would evidence the terms of the contract, breached by Color Image.

38.  Further, Gopal Raheja, recorded the promise by Marco in regard to the monthly volume that Elkay was relying on, in an email and sent it to Lorie McRoberts and Victoria Law, on August 9, 2013, and no objection to the volume commitment was received.

39.  This email, is sufficient to satisfy the statute of frauds as against Color Image in regard to the volume commitment that Color Image is in breach of.


**In the alternative, a contract existed within the promissory estoppel exception to the Statute of Frauds.**


40.  Promissory Estoppel is an exception to the UCC Statute of Frauds, in California. In the case of Allied Grape Growers v. Bronco Wine Co., 203 Cal.App.3d 432, 444 (1988), Allied (the seller) had not contracted to sell a particular kind of grapes, but the buyer ordered 850 tons and them and accepted the first portion of the grapes (1 load) and rejected the rest

unreasonably. The court found liability for the entire oral contract under a promissory estoppel theory, as an exception to the UCC Statute of Frauds. The court found;

> In their Commercial Code treatise, James White and Robert Summers propose that the equitable principle of promissory estoppel survives in the California Uniform Commercial Code through section 1103. <u>Estoppel can act as one further exception to imposition of the statute of frauds.</u> They argue that section 1203, which imposes an obligation on every contract to act in good faith, further supports their contention that equitable estoppel survives enactment under the Uniform Commercial Code. <u>Where a party to an oral agreement misleads another, even innocently, sections 1103 and 1203 can be used to impose equitable estoppel against the transgressing party.</u> (White & Summers, Uniform Com.Code, (2d ed.) § 2–6, pp. 68–70.)
> ...
> The majority rule is the better-reasoned rule. It does not nullify the statute of frauds because the elements of equitable estoppel must still be proven. In California, the doctrine of estoppel is proven where one party suffers an unconscionable injury if the statute of frauds is asserted to prevent enforcement of oral contracts. (Irving Tier Co. v. Griffin (1966) 244 Cal.App.2d 852, 863–864, 53 Cal.Rptr. 469.) Unconscionable injury results from denying enforcement of a contract after one party is induced by another party to seriously change position relying upon the oral agreement. It also occurs in cases of unjust enrichment. (Monarco v. Lo Greco (1950) 35 Cal.2d 621, 623–624, 220 P.2d 737.) (emphasis added)
>
> <u>Id.</u> at 444

41. The Plaintiff pleads that the promissory estoppel exception to the statute of frauds applies.

42. Color Image, through its employee Andrew Akiyoshi, made a promise in regard to purchases that Color Image would make and Elkay relied on this promise. Elkay purchased new machinery, hired laborers, expended capital, invested in working capital, and ensured that idle production capacity was available for processing Color Image's orders on a priority basis when they came.

43. Over the period of the agreement, Elkay shipped 304,199 t-shirts to Color Image, for which it has not been paid an agreed amount of $469,104.01

44. Of the 304,199 shirts aforementioned, 206,522 are in the possession of Color Image, and 97,677 are in transit from Color Image to Elkay, purportedly for reasons that the quality is unacceptable. Elkay will show that this reason is untrue, and the rejection is in bad faith to coerce Elkay to accept lesser money for the goods than contracted. Elkay will show that the t-shirts were inspected by Color Image, and certified to meet the quality standards of Color Image, by a representative of Color Image before they were shipped from India.

45. Elkay will show that the t-shirts are being returned for reasons other than any purported deficiency in quality.

46. Color Image failed to place the requisite orders, and meet the purchase quantities promised.

47. This caused Elkay to have idle capacity and Elkay had to turn away other business because of this idle capacity that it ran, to be ready to execute orders for Color Image.

48. After repeatedly not meeting the purchase quantity, Color Image through its owner Marco subsequently repudiated the contract, in bad faith.

49. This caused Elkay to suffer injury, Elkay through this lawsuit seeks the benefit of the bargain measure of money damages for the breach by Color Image, in order to be made whole. Elkay also seeks incidental and consequential damages, and costs of this lawsuit.

50. The failure to enforce this contract, would result in unconscionable injury to Elkay, specifically in light of the fact that Elkay placed reliance to its detriment for the oral promises made by Andrew Akiyoshi. It is estimated that the lost profits that Elkay suffered are in an amount of $45,000,000.

51. The sale price of goods sold to Color Image and unpaid for by Color Image amount to $469,104.01

52. The Plaintiff seeks an amount of $50,000 in incidental and consequential damages.

//

//

//

**Second Cause of Action**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

53. The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 52.

54. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. *Restatement (Second) of Contracts* § 205 (1981). "Good faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing. *Cal. U. Com. Code,* § 1.201(b)(20) (West). In the case of merchants defined in section 2.104(1), "good faith" broadens the definition contained in former Civil Code § 1796, in that it additionally requires "the observance of reasonable commercial standards of fair dealing in the trade." The general definition of "good faith" contained in section 1.201(b)(20) applies to all transactions under Division 2.

55. Here, Color Image breached its duty of good faith and fair dealing on several instances. Color Image accepted the goods, and then refused to pay for them even after the goods passed the quality check procedure instituted by Color Image. Color Image then sought to find faults in the quality on frivolous and baseless grounds. The owner, Marco Degeorge threatened Elkay, that if Elkay did not agree to a discount on the price he would return goods and not pay any money for the goods in the possession of Color Image.

56. Color Image promised that it would order specified quantities of t-shirts each month, and it had no intention of ordering the promised quantity of t-shirts each month. It made the promise with the express intention of securing a supplier in India, to lower its cost base.

57. Color Image also wrongly stated that the deficiency in quality arose after the goods left India, for Los Angeles; because there would be no feasible way for Elkay to counter those claims, since the goods were physically in Los Angeles and Elkay did not have any representatives in Los Angeles. Color Image inspected the goods at the time of accepting

them in India, and did not find any quality issues at that time. Color Image raised quality concerns merely as a pretext to seek a reduction in the price payable. Further, even if any such quality issues arose all the sales were on an FOB basis, and accordingly all risk of loss passed at the time the goods were loaded on the rail of the carrier in India.

58. Color Image also sought a waiver of a condition from Elkay in bad faith. The contractual arrangement between the parties was that Color Image would open an irrevocable letter of credit for each shipment. Color Image, sometime in May, 2014 represented that it had some difficulties in obtaining credit and requested Elkay to send the goods open account, to which Elkay acquiesced. Color Image then refused to pay for the goods. Color Image had no intention of paying for the goods, and wrongly used the unavailability of credit as a pretext to lure Elkay into sending the goods without the security and backing of a letter of credit.

59. Color Image accordingly breached its duty of good faith and fair dealing on several instances.

60. Elkay suffered injury which was proximately caused by this breach by Color Image.

61. Elkay relied on the bad faith representations made by Color Image, to make onward capacity arrangements. Elkay set aside production capacity for Color Image, which Color Image failed to use.

62. Further, Elkay relied on the promise by Color Image, that it would order specific quantities of t-shirts each month, going forward, which Color Image had no intention of performing on.

63. Elkay accordingly suffered damages, and seeks lost profits, actual and consequential damages for this breach of the implied covenant on good faith and fair dealing.

//
//
//

**Third Cause of Action**

**(Promissory Estoppel)**

64.  The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 63.

65.  A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires. *Restatement (Second) of Contracts § 90 (1981)*. Further, Comment (d) clarifies, that a promise binding under §90 creates contractual obligations and full-scale enforcement by normal remedies is appropriate.

66.  Here, Color Image through its employees and representatives made a promise seeking to induce reliance on the part of Elkay. Color Image promised regular purchases of t-shirts through Elkay. Color Image knew that such a promise would induce substantial and justifiable reliance on the part of Elkay.

67.  Elkay reasonably relied on this promise by turning away other customers, so as to enable it to be prepared for orders it would receive from Color Image.

68.  Elkay invested in working capital, machinery, and hired laborers. Elkay borrowed money from the bank.

69.  Color Image then placed orders for t-shirts (albiet less than promised).

70.  Color Image accepted all the t-shirts, it ordered.

71.  Elkay shipped orders regularly as required by Color Image, in accordance with the prices as specified by Color Image.

72.  Color Image, inspected the quality of the t-shirts and certified the quality to be in accordance with the ordered quantity.

73.  Color Image took possession of 206,522 t-shirts which it has not paid for.

74.  Color Image wrongly returned 97,677 t-shirts, which it certified met its own quality standards.

75.  Color Image repudiated the contract through its owner Marco.

76.  Elkay herein sues for the benefit of the bargain measure of damages ie. for $45,000,000 in lost profits on the contract, for the agreed price of $469,104 for the t-shirts supplied to Color Image, for $50,000 incidental and consequential damages. And, bank interest on the bank loan Elkay took in order to service Color Image, in an amount to be determined at trial.

## Fourth Cause of Action

## (Unjust Enrichment)

77.  The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 76.

78.  A claim of unjust enrichment requires the showing of two elements. First the receipt of a benefit and the retention of the benefit at the expense of another. Peterson v. Cellco Partnership, 164 Cal.App.4th 1583, 1593 (2008).

79.  Here, Color Image has retained 206,522 t-shirts and on information and belief the Plaintiff believes that Color Image has sold the t-shirts.

80.  Elkay brings this action for the market value of the t-shirts retained in an amount determined by proof at trial.

## Fifth Cause of Action

## (Intentional Interference with Contract)

81.  The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 80.

82. The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126 [270 Cal.Rptr. 1, 791 P.2d 587], internal citations omitted.)

83. There were contracts between Elkay and several suppliers. Further, there was a contract between Elkay and its bank, for a loan, taken by Elkay to finance its operations.

84. Defendant Marco Degeorge knew of these contracts.

85. The conduct of Marco Degeorge, the owner of Color Image in wrongly and affirmatively preventing Color Image's employees from releasing the money due to Elkay and intentionally ensuring that Color Image did not meet its targeted order quantities, interfered in the contracts that Elkay had with other customers, and suppliers.

86. The conduct of Marco Degeorge, the owner of Color Image in wrongly and affirmatively preventing Color Image's employees from releasing the money due to Elkay interfered in the contracts that Elkay had its bank. Elkay accordingly suffered harm

87. As a result, Elkay had to pay increased amounts to its suppliers for delays in payment.

88. As a result, Elkay has to pay interest to the bank on a continuing basis for the delay in returning the financing Elkay received for the purpose of executing this contract.

89. Conduct of Defendant, Marco Degeorge was a substantial factor in this harm, given that Marco expressly and affirmatively instructed other employees not to pay Elkay.

90. Accordingly, the Defendant Marco interfered with the contracts that Elkay had with its suppliers and its bank, by intentionally and affirmatively preventing the release of payments to Elkay in accordance with the regular practices of Color Image.

COMPLAINT FOR MONEY DAMAGES

91.   Elkay seeks monetary damages for the interference caused by Marco, that is proximately caused by Marco, in an amount to be determined at trial in accordance with proof.

## Sixth Cause of Action

### (Intentional Interference with Prospective Advantage)

92.   The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 91.

93.   Marco Degeorge incurs civil liability for the tort of intentional interference with prospective advantage, for interfering with prospective advantage that Elkay had with its customers. California recognizes this tort, and recently did so in the case of *Settimo Associates v. Environ Systems, Inc.*, 14 Cal.App.4th 842 (1993). The court found;

> "The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition. (Baldwin v. Marina City Properties, Inc. (1978) 79 Cal.App.3d 393, 406, 145 Cal.Rptr. 406.) It is premised upon the principle, '[e]veryone has the right to establish and conduct a lawful business and is entitled to the protection of organized society, through its courts, whenever that right is unlawfully invaded.'(citations omitted)"

> Id. at 845.

94.   Here, Defendant Marco Degeorge owed Elkay a duty of care. By pursuing and contracting with Elkay, Marco Degeorge intended that Elkay forgo other business available to it. This is evident from the fact that Marco Degeorge contracted and approved a contract to have idle capacity for Color Image with Elkay. Marco Degeorge knew that Elkay would have to forgo other business in order to be able to meet the commitments it agreed to.

95.   Elkay was induced to contract with Color Image at the behest of Marco Degeorge and accordingly it turned away other profitable business available to it.

96.  Elkay had a right to pursue its lawful business in manufacturing t-shirts at its factory, which was interfered by Marco Degeorge.

97.  Elkay had other customers which it turned away to accommodate Color Image, based on the inducement by Marco Degeorge. Elkay will now have to shut down it's factory and exit the t-shirt business, because it lost out on all its other customers by leaving idle capacity for Color Image.

98.  Elkay's business was harmed, and its business relationships with its customers were permanently damaged.

99.  Marco Degeorge's conduct was a substantial factor in causing this injury.

### Seventh Cause of Action

### (Negligent Interference with Prospective Advantage)

100.  The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 99.

101.  The Defendant Marco Degeorge engaged in a pattern of conduct designed to ensure that Color Image would promise quantities of orders that it had no intention of performing on.

102.  Elkay and its customers and suppliers were in an economic relationship that would have resulted in future benefits to Elkay.

103.  Marco Degeorge prevented Color Image from meeting its targets, and ensured that Elkay was not paid for the goods that it shipped to Color Image.

104.  Marco Degeorge's conduct was wrongful in as much as he exercised his influence as owner of Color Image to ensure that Color Image would breach its contract with Elkay, that resulted in Elkay's incurring damages, and suffering injury.

105.  Marco Degeorge knew of the economic relationships that Elkay had with its suppliers, and other customers.

106.  Marco's conduct fell below the standard of care, of a reasonable person.

107. The relationships that Elkay had with its customers and suppliers were disrupted and suffered injury and irreparable harm.

108. The conduct of Marco Degeorge was a substantial factor in causing the injury.

## **Eighth Cause of Action**
## **(Unfair Competition)**

109. The Plaintiff herein alleges by reference the allegations as set out from paragraph 7 to 108.

110. Both the Defendants have engaged in unlawful, unfair acts or practices in the conduct of a business, which acts or practices constitute unfair competition within the meaning of Section 17200 of the Business and Professions Code.

111. Defendants' acts or practices include, but are not limited to inducing Elkay in contracting with it, and inducing Elkay to rely on the statements by Marco Degeorge through Color Image, in terms of the requirements of Color Image.

112. Whether a business practice constitutes unfair competition under Cal. Bus. & Prof.Code § 17200 "involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 826, (9th Cir. 2008). A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." *Susilo v. Wells Fargo Bank, N.A.*, 796 F.Supp.2d 1177, 1195 (C.D. Cal. 2011).

113. Here, Marco Degeorge acting through Color Image induced Elkay to contract with Color Image by making false and baseless representations in regard to the requirements that Color Image had. Elkay relied on these claims to its detriment, and suffered injury. Marco Degeorge acting through Color Image then sought to find fault with the quality of goods on the basis of frivolous and baseless reasons. Elkay's manufacturing business is now on the

verge of closure, and it has lost several other customers in the process of reserving idle capacity for Color Image. The conduct by Marco Degeorge and Color Image was unfair within the meaning of §17200 of the California Business and Professions Code.

114. Accordingly, Elkay seeks damages, and attorney's fees and costs in accordance with proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant, as more fully set forth below;

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff pray for relief as set forth below:

1. Amount due to the Plaintiff under the contract in accordance with proof at trial;
2. For damages due to the Plaintiff because of Defendant's conduct for the above causes of action, according to proof;
3. For pre-judgment interest as allowed by law;
4. For costs and attorney's fees as allowed by law incurred herein; and,
5. For such other and further relief that this honorable Court may deem just and proper in the interest of justice.

Plaintiff hereby respectfully demands a trial by jury in this action.

Respectfully submitted,

Dated: September 2, 2014

Shaunak Sayta

Attorney for Plaintiff,

Elkay International Ltd.

COMPLAINT FOR MONEY DAMAGES